IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TROY RAYNARD ALEXANDER,    )
    )
        Petitioner,    )
    )    1:20-CV-567
        v.    )    1:15-CR-103
    )
UNITED STATES OF AMERICA,    )
    )
        Respondent.    )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

In 2015, the defendant Troy Alexander pled guilty to two counts of possession of a firearm by a felon and to maintaining drug-involved premises. Three years later, after the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he moved to vacate his convictions because before he pled guilty neither the District Court nor his attorney informed him that his knowledge of his felony status was an element of the offense.

Before he possessed the firearms at issue, Mr. Alexander had served at least four active prison terms of over a year each for felony convictions. There is no evidence he did not know he had been convicted of a felony at the time he possessed the firearms. Nor is there evidence that had he been properly informed of the elements he would have pled not guilty and mounted a trial defense that he did not know he was a felon. In the absence of any reason to believe the outcome would have been different if he had been

accurately informed of the *Rehaif* element, Mr. Alexander cannot establish ineffective assistance of counsel or plain error. His motion will be denied.

## I.     Background

In 2014, Mr. Alexander, a convicted felon, sold cocaine in exchange for stolen firearms. Doc. 25 at 1–3.[1] When he was arrested in 2015, five of these stolen guns were found in his residence along with two other guns, ammunition, almost $40,000 in cash, and ledgers showing a substantial cocaine distribution operation. *Id.* at 5–8. He was indicted on two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and § 924(a)(2), one count of possession of stolen firearms, two counts of distribution of cocaine hydrochloride; two counts of possession of a firearm in connection with a drug trafficking crime; and one count of maintaining drug-involved premises. Doc. 20 at 1–4. After a motion to suppress was denied, *see* Doc. 27, Mr. Alexander pled guilty pursuant to a written plea agreement to two counts of possession of a firearm by a convicted felon and to maintaining a drug-involved premises, with an agreed-upon sentence of 180 months and the remaining charges to be dismissed. Minute Entry 09/22/2015; Doc. 26.

At the change of plea hearing, the Court did not recite the elements of the offenses for Mr. Alexander. Doc. 60 at 13–14. The Court confirmed with Mr. Alexander and

---

[1] It is appropriate for the Court to consider relevant and reliable information from the entire record, such as that in the written factual basis for Mr. Alexander's guilty plea and his presentence investigation report, in evaluating this motion. *See Greer v. United States,* 141 S. Ct. 2090, 2098 (2021) (noting that in evaluating a *Rehaif* error in a similar but slightly different context, "the court can examine relevant and reliable information from the entire record— including information contained in a pre-sentence report").

2

defense counsel that counsel had gone over the elements and that Mr. Alexander had no questions about them. *Id.* At the time of Mr. Alexander's change of plea hearing, controlling Fourth Circuit precedent held that a defendant's knowledge of relevant status was not an element of the offense. *See United States v. Langley*, 62 F.3d 602, 604–06 (4th Cir. 1995). The Court accepts for purposes of this motion that his attorney did not inform Mr. Alexander that knowledge of his felony status was an element of the crime.

In the written factual basis proffered by the government, to which Mr. Alexander did not object, the government listed several prior felony convictions for which Mr. Alexander had served sentences longer than a year. Doc. 25 at 9–10. In discussing the factual basis at the Rule 11 hearing, the prosecutor pointed out that Mr. Alexander "has several felony convictions punishable by a term greater than one year and has received sentences in excess of that one year on about three occasions." Doc. 60 at 19. After hearing this summary of the factual basis, Mr. Alexander agreed he was in fact guilty of the charges subject to the plea agreement. *Id.* at 20.

The Court accepted Mr. Alexander's guilty plea. Minute Entry 09/22/2015. In line with the binding plea agreement, in March 2016, the Court sentenced Mr. Alexander to 120 months for each firearm charge and 180 months on the drug-involved premises charge, to run concurrently with each other. Minute Entry 02/17/2016; Doc. 31.[2] The Court dismissed the other charges, including those with mandatory consecutive prison

---

[2] His sentence was later reduced 135 months for reasons not relevant here. Docs. 31, 58.

terms, again pursuant to the plea agreement.  Doc. 26 at ¶ 5(a); Doc. 31 at 1.  Mr.
Alexander did not appeal.

Three years after Mr. Alexander's sentencing hearing, the Supreme Court decided
*Rehaif v. United States*, 139 S. Ct. 2191 (2019), holding that in prosecutions under
18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that the defendant "knew
he belonged to the relevant category of persons barred from possessing a firearm."  *Id.* at
2200.  Shortly thereafter, Mr. Alexander sought vacatur under *Rehaif* of his convictions
for possession of a firearm by a felon.  Doc. 49; *see also* Docs. 43, 47.  While not
completely clear, it seems he moves to set aside all three of his convictions. [3]

Mr. Alexander advances three main arguments.  First, Mr. Alexander attacks the
knowing and voluntary nature of his guilty pleas to the felon in possession of a firearm
charges.  Doc. 49 at 4.  Second, he alleges ineffective assistance of counsel.  Doc. 43 at 4;
Doc. 47 at 1; Doc. 49 at 4–5.  He claims that counsel was ineffective, "by failing to
challenge the PSR, the length of the sentence Mr. Alexander received, the emails the US
Attorney provided threatening to prosecute petitioners mother, with holding the fact
Judge Beatty alerted him petitioner won the Franks Hearing, also Mr. Alexander was
sentenced over the guidelines . . . [and] failure to advocate on behalf of client at
sentencing[.]"  Doc. 47 at 7 (*sic*).  Mr. Alexander also alleges that counsel induced Mr.
Alexander to make an "unknowing[ ], unintelligent, involuntar[y]" plea to possession of a

_____

[3] Adjudication of his motion was stayed pending Supreme Court review of *United States v. Gary*,
954 F.3d 194 (4th Cir. 2020), *cert. granted*, 141 S. Ct. 974, *rev'd sub nom. Greer v. United
States*, 141 S. Ct. 2090 (2021).  Text Order 11/12/2020.

4

firearm by a felon because "counsel should have been aware of [the] law and all essential elements of 922(g)," and that counsel failed to file a direct appeal or to appeal the denial of Mr. Alexander's suppression motion as requested. Doc. 49 at 4–5. Third, in his reply brief, Mr. Alexander adds a new argument that the superseding indictment charging him with two § 922(g) violations was fatally defective because of the omission of the element that he knew he was a convicted felon and because of the omission of the word "unlawfully" from the indictment's recitation of the statutory language. Doc. 64 at 6–7.

## II.    *Rehaif* and *Greer*

In *Rehaif*, the defendant was charged with possession of a firearm by a prohibited person as an alien unlawfully in the United States, in violation of 18 U.S.C. § 922(g) and § 924(a)(2). 139 S. Ct. at 2194. At the close of Mr. Rehaif's trial, the judge instructed the jury, over Mr. Rehaif's objection, that the "United States is not required to prove" that Rehaif "knew that he was illegally or unlawfully in the United States." *Id.* The jury returned a guilty verdict, and Mr. Rehaif appealed, arguing that the judge erred in instructing the jury that it did not need to find that he knew he was in the country unlawfully. *Id.* at 2195. The Supreme Court agreed, holding that it is an element of the offense that the defendant has knowledge of the facts that give rise to status as a person barred from possessing a firearm. *Id.* at 2200.

*Rehaif* had wide implications, as § 922(g) also prohibits possession of a firearm by many other categories of persons. One of these categories is a person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), in other words, a convicted felon.

5

Defendants convicted under § 922(g) before the Supreme Court's decision in *Rehaif* soon raised similar challenges. The issue of knowledge of felony status or *mens rea* came then before the Supreme Court in two cases where the defendants convicted of possession of a firearm by a felon had not challenged the knowledge element in the district court. *Greer v. United States,* 141 S. Ct. 2090 (2021). At Mr. Greer's trial, he did not request, and the court did not give, a jury instruction that the government must prove beyond a reasonable doubt that Mr. Greer knew he was a felon when he possessed the firearm. *Id.* at 2096. Mr. Gary pled guilty to two counts of § 922(g)(1) without being told that if he went to trial, the government would have to prove Mr. Gary knew he was a felon as an element of the offense. *Id.* Each defendant challenged his conviction on direct appeal. *Id.* The Eleventh Circuit applied plain-error review and rejected Mr. Greer's request for a new trial, while the Fourth Circuit found in favor of Mr. Gary and reversed his conviction for structural error caused by the failure to inform Mr. Gary of the knowledge element of § 922(g). *Id.*

On review, the Supreme Court held, as is relevant here, that when the defendant did not challenge the *mens rea* element before the trial court, the plain-error test applied and that "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100. To establish eligibility for plain-error relief, a defendant must show, *inter alia*, that "the error affects substantial rights, which generally means that there must be a

reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Id.* at 2096 (cleaned up).

The Court rejected Mr. Gary's argument that omission during the plea colloquy of the element that he knew he was a felon at the time of the offense was structural error subject to automatic reversal on appeal. *Id.* at 2099–100. "[D]iscrete defects in the criminal process—such as the omission of a single element from jury instructions . . .— are not structural because they do not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Id.* at 2100 (cleaned up). Because omission of the *mens rea* element from the plea colloquy does "not affect the entire framework within which the proceeding occur[ed]," automatic reversal is not required. *Id.* Instead, it is an error calling for application of the plain-error test. *Id.* To satisfy the substantial rights prong of the plain-error test, defendants who pled guilty must show there is a reasonable probability that absent the *Rehaif* error, they would have gone to trial rather than plead guilty. *Id.* at 2097–98.

## III. Discussion

### A. Knowing and Voluntary Guilty Plea

Mr. Alexander contends that because neither the Court nor his attorney told him about an essential element of the offense—that he must have had knowledge of his felony status—his guilty plea was not knowing and voluntary. But this fact alone is not enough to prevail. The record is clear that Mr. Alexander knew he was a felon and he has made no effort to show actual prejudice from this error, as is required when a defendant makes an argument in a § 2255 motion that he failed to make on direct appeal. Even applying

7

the slightly more lenient plain-error test that applies on direct appeal per *Greer,* there was no "reasonable probability that he would have gone to trial rather than plead guilty" if he had known of the knowledge element of the crime. *Id.* at 2098.

### 1. Procedural Default

Mr. Alexander did not raise this issue when he was sentenced, nor did he raise it on direct appeal. He could have raised this claim on direct appeal, and generally speaking a defendant is precluded from raising the sort of claims that could have been raised on appeal. *See, e.g., United States v. Linder*, 552 F.3d 391, 397 (4th Cir. 2009). As he did not, his claims should be dismissed based on procedural default, *Bousley v. United States*, 523 U.S. 614, 621 (1998), unless he overcomes the procedural default by showing a "fundamental miscarriage of justice," *see McQuiggin v. Perkins*, 569 U.S. 383, 392–93 (2013), evinced by either cause for the default and actual prejudice from the asserted error, or by a showing of actual innocence. *Bousley*, 523 U.S. at 622.

Mr. Alexander does not claim actual innocence, which "means factual innocence, not mere legal insufficiency." *Id.* at 623. Mr. Alexander has never asserted that he did not know he was a felon, so this exception does not apply.

Mr. Alexander also does not show actual prejudice stemming from the *Rehaif* error. To show actual prejudice, Mr. Alexander must show that errors in the proceedings worked to his actual and substantial disadvantage and were of a constitutional dimension. *See, e.g.*, *United States v. Frady*, 456 U.S. 152, 170 (1982); *Richardson v. Kornegay*, 3 F.4th 687, 701 n.8 (4th Cir. 2021).

8

Here, the error was that Mr. Alexander was not informed that if he went to trial, the government would have to prove beyond a reasonable doubt that he knew he was a felon. A felon for § 922(g) purposes is a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Mr. Alexander has not only received several sentences of well over a year, he has actually served five active prison sentences of well over a year each. Doc. 30 at ¶ 40 (served 13–16 months after probation violation for felony distribution of cocaine); ¶ 41 (served 16–20 months for felony possession of a firearm by felon), ¶ 42 (served 21–26 months for felony involuntary manslaughter); ¶ 43 (served 25–30 months for felony possession of a firearm by felon followed by 14–17 months on felony riot).[4] The government easily could have proven that Mr. Alexander knew he was a felon, and there is nothing to show that if Mr. Alexander had known this was an element, the proceedings would have turned out more favorably to him. This overwhelming evidence negates any reasonable possibility of actual prejudice. *See Richardson*, 3 F.4th at 701 n. 8.

## 2. Plain Error

Even if the Court excused the procedural default and applied the plain error test set forth in *Greer*, Mr. Alexander's motion would not be successful. Mr. Alexander has not sufficiently represented that if he had he known of the correct *mens rea* requirement, there is a reasonable probability he would have gone to trial and presented evidence that he did not in fact know he was a felon. *Greer*, 141 S. Ct. at 2097.

---

[4] The Court adopted Mr. Alexander's final presentence investigation report without alteration. Doc. 32.

Mr. Alexander's case is on all fours with Mr. Gary's case decided in *Greer*. Mr. Gary admitted he was a felon when he pled guilty and on appeal he made no argument that he would have presented evidence at trial that he did not know he was a felon when he possessed firearms. Thus, he could not show that absent a *Rehaif* error there was "a reasonable probability that he would have gone to trial rather than plead guilty." *Id.* at 2098. Just so with Mr. Alexander.

As just mentioned, he had been to prison for over a year several different times. *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (where the defendant served several sentences longer than a year, it was "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences"). Moreover, he was twice convicted in state court of being a felon in possession of a firearm. Doc. 30 at ¶¶ 41, 43. These facts were mentioned at the Rule 11 hearing before Mr. Alexander pled guilty, and he did not deny them. Doc. 60 at 19. The record establishes that Mr. Alexander knew he was a convicted felon and that he actually knew he could not lawfully possess a firearm. Mr. Alexander has pointed to no evidence he could have presented at trial to show he did not know he was a felon. His plea agreement was very favorable to him, making it even more unlikely Mr. Alexander would have chosen to go to trial and contest the *mens rea* requirement.[5] In the absence of such evidence, Mr. Alexander cannot show plain error.

---

[5] As noted in the PSR, had Mr. Alexander been convicted of the two charges of possession of a firearm in furtherance of a drug trafficking crime, he would have faced a guidelines range sentence of 92–115 months, plus a five-year consecutive sentence, plus another 25-year consecutive sentence. Doc 30 at ¶ 84.

Case 1:15-cr-00103-CCE   Document 65   Filed 12/01/21   Page 10 of 15

## B. Ineffective Assistance of Counsel

### 1. IAC and *Rehaif*

Mr. Alexander contends that his lawyer rendered ineffective assistance by inducing an unknowing, unintelligent, involuntary guilty plea to possession of a firearm by a felon because counsel did not tell him about every essential element of the crime. But the fact that counsel did not tell him that his knowledge of felony status was an element is not enough to show that counsel's assistance was ineffective.

First, it is undisputed that trial counsel advised Mr. Alexander correctly under the law at the time. *See United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020). To succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), "evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017). Failure to raise novel arguments before the district court or on appeal that are unsupported by then-existing precedent or to anticipate a change in the controlling law does not constitute deficient performance under *Strickland*. *See United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019).

Second, to the extent Mr. Alexander contends that his attorney "induced" him to plead guilty based on an inaccurate understanding of the law, that contention is not supported by any evidence. As noted *supra* in note 3, Mr. Alexander's plea agreement was quite favorable to him and his guilt was undisputed. He has not offered any

11

explanation of how knowledge of an element that the government could easily prove would have dissuaded him from accepting an otherwise favorable plea agreement.

### 2. Failure to Appeal

Mr. Alexander also has not shown that his trial counsel rendered ineffective assistance by failing to appeal the court's denial of Mr. Alexander's motion to suppress or by failing to file a direct appeal. Mr. Alexander has not alleged that he gave counsel unequivocal instructions to file a direct appeal, *United States v. Poindexter*, 492 F.3d 263, 269 (4th Cir. 2007), and his plea agreement explicitly waived his direct appeal rights except for circumstances not asserted here. Doc. 26 at ¶ 5(d). It is not ineffective assistance of counsel to fail to file an appeal in this situation. *See, e.g.*, *Johnson v. United States*, No. 1:11CR359-2, 2015 WL 5130529, at *3 (M.D.N.C. Sept. 1, 2015) (finding no ineffective assistance where the defendant asked counsel about filing an appeal after sentencing but did not instruct counsel to do so); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 479–80 (2000).

### 3. Other Arguments

Mr. Alexander claimed in an early filing that counsel was ineffective "by failing to challenge the PSR, the length of the sentence Mr. Alexander received, the emails the US Attorney provided threatening to prosecute petitioners mother, with holding the fact Judge Beatty alerted him petitioner won the Franks Hearing, also Mr. Alexander was sentenced over the guidelines . . . [and] failure to advocate on behalf of client at sentencing[.]" Doc. 47 at 7 (*sic*). He has offered no further explanation or support for any of these claims. None of these conclusory allegations are sufficient to show

12

ineffective assistance of counsel, even if they were timely under the AEDPA. *See* 28 U.S.C. § 2255(f).

### C. Defective Indictment

Mr. Alexander contends the superseding indictment is fatally defective because it only charged that he "knowingly did possess" firearms rather than that he "knowingly and unlawfully" possessed the firearms. Doc. 64 at 6–7. But inclusion of the word "unlawfully" is not required for an indictment to adequately allege a violation of § 922(a)(1), which only requires a knowing possession. Mr. Alexander cites no case to the contrary.

He also challenges the indictment because it did not explicitly allege that he knew he was a felon. Doc. 64 at 6–7. While Mr. Alexander is correct that the superseding indictment did not specifically allege that he knew he was a felon at the time he possessed the firearms, *see* Doc. 20, it is well established that a valid guilty plea waives all preceding non-jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Moussaoui,* 591 F.3d 263, 279 (4th Cir. 2010); *United States v. Bowles*, 602 F.3d 581, 582 (4th Cir. 2010). Indictment defects are not jurisdictional. *United States v. Cotton*, 535 U.S. 625, 628–31 (2002) (omission of drug quantity from the indictment did not deprive court of jurisdiction).

Case 1:15-cr-00103-CCE   Document 65   Filed 12/01/21   Page 13 of 15

Mr. Alexander's case is distinguishable from *United States v. Medley*, 972 F.3d 399 (4th Cir. 2020), *reh'g en banc granted*, 828 F. App'x 923 (4th Cir. 2020). There, the defendant went to trial, and the panel vacated the conviction based upon the collective errors of the omission of the knowledge-of-status element from the indictment and the government's failure to present evidence on the omitted element. *Medley*, 972 F.3d at 419.[6] Mr. Alexander, in contrast, entered a valid guilty plea. Minute Entry 09/22/2015. Accordingly, his guilty plea waives errors in the indictment. *See Tollett*, 411 U.S. at 267.

Even if that were not so, he cannot show that the outcome would have been different or that he was prejudiced by the omission. *See, e.g.*, *United States v. Lara*, 970 F.3d 68, 87–88 (1st Cir. 2020) (holding omission of *Rehaif mens rea* requirement from indictment was not plain error where evidence was overwhelming), *cert. denied sub nom.* *Williams v. United States*, 141 S. Ct. 2821 (2021); *United States v. Raymore*, 965 F.3d 475, 486 (6th Cir. 2020), *cert. denied,* 141 S. Ct. 2814 (2021) (same); *see also Cotton*, 535 U.S. at 632–33 (omission of drug quantity from the indictment did not seriously affect the fairness, integrity or public reputation of judicial proceedings where the evidence was overwhelming).

## IV.     Conclusion

When Mr. Alexander possessed firearms in 2014 and 2015, he knew he was a felon. When he pled guilty to two counts of possession of a firearm by a felon, he knew

---

[6] *Medley* is likely to be resolved differently and in favor of the government on rehearing. The Fourth Circuit followed *Medley* in *United States v. Green*, 973 F.3d 208, 211–12 (4th Cir. 2020), but the Supreme Court vacated that decision and remanded in light of *Greer*. 141 S. Ct. 2785 (2021). Even if it is not, it is distinguishable, as noted.

Case 1:15-cr-00103-CCE   Document 65   Filed 12/01/21   Page 14 of 15

he was a felon and he knew that the government had overwhelming evidence of that fact. When he pled guilty, he received the benefit of a favorable plea agreement. His lawyer did not provide ineffective assistance and his guilty plea was not constitutionally infirm because he was not informed of the *mens rea* element or because the element was not in the indictment. The motion to vacate will be denied.

It is **ORDERED** that the petitioner's motion to vacate, set aside, or correct sentence, Doc. 49, is **DENIED**.

This the 1st day of December, 2021.

_____

UNITED STATES DISTRICT JUDGE