IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | 1:15-CR-103-1 |
|  | ) |  |
| TROY RAYNARD ALEXANDER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The defendant-inmate, Troy Alexander, filed a motion for sentence reduction, citing 18 U.S.C. §§ 3582(c)(1) and 3582(c)(1)(A). In support, he points to the length of his sentence, his rehabilitative efforts since entering federal custody, and errors he says were made leading up to his sentence. Because none of those reasons, alone or in combination, constitute extraordinary and compelling circumstances and the sentencing factors do not support a sentence reduction, the motion will be denied.

I.   **Procedural History**

In 2014, Mr. Alexander, a convicted felon, sold cocaine in exchange for stolen firearms. Doc. 30 at ¶¶ 4, 8. Upon his arrest, officers searched his residence and found five of those stolen firearms along with two other firearms, thousands of rounds of ammunition, almost $40,000 in cash, two grams of cocaine base "crack," and ledgers showing a substantial cocaine distribution operation. *Id.* at ¶¶ 13–14. He was indicted on two counts of possession of a firearm by a convicted felon, one count of possession of stolen firearms, one count of distribution of cocaine hydrochloride, one count of

possession with intent to distribute cocaine base, two counts of possession of a firearm in furtherance of a drug trafficking crime, and one count of maintaining drug-involved premises. Doc. 20 at 1–4.

The Court denied a motion to suppress, Doc. 27, and Mr. Alexander pled guilty to two counts of possession of a firearm by a convicted felon and one count of maintaining a drug-involved premises pursuant to a written plea agreement. Doc. 26; Minute Entry 09/22/2015.[1] The parties agreed that the remaining charges would be dismissed and that if the Court accepted the plea agreement, it would be bound to impose a sentence of 180 months. Doc. 26 at ¶¶ 5(a), 5(c). At the change of plea hearing, Mr. Alexander several times confirmed under oath that he understood he was agreeing to receive a 180-month sentence in exchange for dismissal of the remaining charges. Doc. 60 at 5–6, 9, 11.

The Court accepted Mr. Alexander's guilty plea. *Id.* at 20; Minute Entry 09/22/2015. At sentencing, the Court adopted the presentence investigation report in full, Doc. 32 at 1, and found that his total offense level was 27 and his criminal history category was VI. *Id.*; Doc. 61 at 7; *see also* Doc. 30 at 26. Mr. Alexander had an offense level of 27 because his base offense level was 20, he received ten levels of enhancements for specific offense characteristics,[2] and he received a three-level reduction for

---

[1] The judge who presided over Mr. Alexander's proceedings has since retired, and the undersigned has handled all post-conviction matters. *See, e.g.*, Docs. 37, 41, 55, 65, 83.

[2] Mr. Alexander received a four-level increase under U.S.S.G. § 2K2.1(b)(1)(B) because the offense involved 11 firearms, Doc. 30 at ¶ 23, a two-level increase under § 2K2.1(b)(4)(A) because nine of the firearms were stolen, *id.* at ¶ 24, and a four-level increase under § 2K2.1(b)(6)(B) because he possessed the firearms and ammunition in connection with another felony offense. *Id.* at ¶ 25.

2

acceptance of responsibility. *See* Doc. 30 at ¶¶ 22–33. His guideline range was 130 to 162 months. Doc. 61 at 7; Doc. 30 at ¶ 83.

In February 2016, in line with the terms of the binding plea agreement, the Court sentenced Mr. Alexander to 120 months for each firearm charge and 180 months on the drug-involved premises charge, each sentence to run concurrently with each other. Doc. 31; Minute Entry 02/17/2016. His sentence was later reduced to 135 months for reasons not relevant here. Doc. 58.

Mr. Alexander is now 44 years old. *See* Doc. 30 at 2 (showing birth date as April 11, 1980). He has served approximately 116 months of his sentence. *See id.* at 1 (listing his arrest date as April 10, 2015).

In December 2023, Mr. Alexander filed the pending "Motion for a Sentence Reduction Pursuant to 18 U.S.C. §§ 3582(c)(1) and 3582(c)(1)(A)." Doc. 76. The Clerk mistakenly docketed this motion as a motion for sentence reduction based on a retroactive change in the guidelines, and the matter was initially handled that way. Text Order 10/15/2024. The Probation Office filed a memorandum stating that Mr. Alexander did not qualify for a sentence reduction pursuant to U.S.S.G. § 1B1.10 as he was not a "zero-point offender," and he was not assessed "status points." Doc. 80. The government and Mr. Alexander also filed briefs. Docs. 81, 82.

Upon review, the Court determined that the motion was in fact a compassionate release motion but ruled on the retroactive guideline issue out of an abundance of caution, *see* Text Order 10/15/2024, finding that Mr. Alexander was not eligible. Doc.

3

83. The Court now takes up Mr. Alexander's request for a sentence reduction based on the "compassionate release" statutory provision in § 3582(c)(1)(A).

## II. General Standard

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart." (cleaned up)). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permits it to do so. *See* 18 U.S.C. § 3582(c); *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021). Section 3582(c)(1)(A), often colloquially called the "compassionate release" provision, is one such statutory provision. *See Jenkins*, 22 F.4th at 169.

In 2018, the First Step Act amended § 3582(c)(1)(A) to allow defendant-inmates to move for compassionate release.[3] Courts analyze compassionate release motions by first assessing whether extraordinary and compelling reasons exist and whether a reduction is consistent with the applicable policy statement issued by the Sentencing Commission. *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). If so, courts then consider whether the relevant § 3553(a) sentencing factors support early release. *Moody*, 115 F.4th at 310; *see also United States v. Mangarella*, 57 F.4th 197, 203 (4th Cir. 2023).

---

[3] Before filing a compassionate release motion, a defendant must satisfy the administrative exhaustion requirement, if invoked by the government. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

4

### III. Extraordinary and Compelling Reasons

Under the Sentencing Commission's policy statement,[4] a court may grant a sentence reduction if extraordinary and compelling circumstances warrant a reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a). The Sentencing Commission defines the limited and specific circumstances that individually or in combination constitute extraordinary and compelling circumstances. *See generally* U.S.S.G. § 1B1.13(b). There are only six categories of circumstances that qualify as extraordinary and compelling under this policy statement. *See id.* Mr. Alexander does not cite the policy statement or identify which provision of that statement supports his motion, but he appears to rely on the provision authorizing a reduction when a defendant is serving an unusually long sentence, *see* U.S.S.G. § 1B1.13(b)(6); *see also* Doc. 76 at 9–11, and the provision authorizing a reduction for "any other circumstance or combination of circumstances that . . . are similar in gravity" to the reasons listed in the policy statement. *See* U.S.S.G. § 1B1.13(b)(5); *see also* Doc. 76 at 3–7, 14–15.

An "unusually long sentence" can be an extraordinary and compelling circumstance if the defendant "has served at least 10 years of the term of imprisonment," and a change in the law has produced "a gross disparity between the sentence being

---

[4] The policy statement defining conditions that constitute extraordinary and compelling circumstances took effect November 1, 2023. *See* U.S. Sent'g Comm'n, *Amendments to the Sentencing Guidelines* (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf. For this reason, some of the case law on extraordinary and compelling circumstances that developed when there was no applicable policy statement is of limited assistance.

served and the sentence likely to be imposed at the time the motion is filed."[5] U.S.S.G. § 1B1.13(b)(6). Courts must fully consider the defendant's individualized circumstances before making such a determination. *Id.*; *see also Moody*, 115 F.4th at 312 (stating courts cannot rely solely on sentencing disparities and "must make an individualized assessment of the defendant's sentence and give full consideration to the defendant's individual circumstances" (cleaned up)).

Here, Mr. Alexander has not yet served ten years of imprisonment, though he is very close. Putting that problem aside, he has not identified any material change in law, much less one that creates a gross disparity in the sentence he is serving and the sentence he would likely receive today. *See* U.S.S.G. § 1B1.13(b)(6); *see also United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024).[6] He references "guideline changes" and "[t]his new sentencing law," Doc. 76 at 13, 16, but he does not identify any particular change in either. To the extent he may be relying on Amendment 821 to the guidelines, *see* Doc. 81, the Court has already held that he is not a zero-point offender, and he did not receive any status points. Docs. 83, 84. No other change in law arguably appearing, Mr. Alexander has not shown that the length of his sentence qualifies as an extraordinary and compelling circumstance.

---

[5] An intervening change in law must produce a gross disparity to be an extraordinary and compelling circumstance. *See* U.S.S.G. § 1B1.13(b)(6); *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). If a defendant can "present another extraordinary and compelling reason but does not otherwise meet the criteria for an 'unusually long sentence,' the court can still use the change in law to determine how much to reduce his sentence." *Davis*, 99 F.4th at 654.

[6] As discussed *infra*, Mr. Alexander seems to suggest that errors in the calculation of his guideline range created a gross disparity in his sentence, Doc. 76 at 14–15, but he does not connect any such errors to a change in law.

6

Mr. Alexander next contends that there were errors leading up to his sentence including a miscalculation of his guideline range and a mistake in the indictment. Doc. 76 at 14–15. Putting aside the lack of merit in these arguments, "a compassionate release motion cannot be used to challenge the validity of a defendant's conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 272 (4th Cir. 2022). Section 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, and a defendant cannot use compassionate release to sidestep its requirements. *Id.* at 270. To the extent Mr. Alexander relies on purported errors leading up to sentencing or in how his guideline range was calculated, the motion will be denied. *See United States v. Pate*, No. 17-CR-56, 2023 WL 362813, at *3 (M.D.N.C. Jan. 23, 2023).

Mr. Alexander also cites his rehabilitative efforts during his incarceration, pointing to educational coursework, Doc. 76 at 5; Doc. 76-1 at 2–3, his "blemish-free disciplinary record," Doc. 76 at 6–7, and his work history. *Id.* at 7. While he is to be commended on his positive prison record, "[r]ehabilitation of the defendant alone" is insufficient to constitute an extraordinary and compelling circumstance. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d). "[I]t may be considered as one factor among several" in evaluation of a defendant's motion for compassionate release. *Davis*, 99 F.4th at 659. But Mr. Alexander presents no other factor which might, in combination with his rehabilitative efforts while in custody, constitutes an extraordinary and compelling circumstance.

The Court is not satisfied that an extraordinary and compelling circumstance justifying a sentence reduction exists. A sentence reduction under § 3582(c)(1)(A) is not appropriate.

## IV. 18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling circumstances did exist, the § 3553(a) sentencing factors do not weigh in favor of a sentence reduction. *See United States v. Malone*, 57 F.4th 167, 176 (4th Cir. 2023). A reduction would not take into account the seriousness of his crimes and would not promote respect for the law, especially since his sentence was negotiated in a plea agreement.

Mr. Alexander faced eight criminal charges: possessing firearms as a felon (Counts 1 and 7), possessing stolen firearms (Count 2), distributing a mixture and substance containing cocaine hydrochloride (Count 3), possessing firearms in furtherance of a drug distribution crime (Counts 4 and 8), maintaining a premises for the purpose of manufacturing, distributing, and using cocaine (Count 5), and possessing with intent to distribute a mixture and substance containing cocaine base (Count 6). Doc. 20 at 1–4. He pled guilty to Counts 1, 5, and 7 by way of a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) for a sentence of 180 months. Doc. 26 at ¶¶ 2, 5(c); Minute Entry 09/22/2015; Doc. 60 at 20.

While his sentence was above the guideline range, as was required by the Court's acceptance of his plea agreement, *see* Doc. 26, the seriousness of the conduct underlying the offenses, the circumstances surrounding the offenses, and his long criminal history support the sentence. Mr. Alexander purchased several stolen firearms in exchange for cocaine. Doc. 30 at ¶¶ 5, 8. During the search of Mr. Alexander's residence, law enforcement found several firearms, some of which were stolen, and thousands of rounds

of ammunition as well as cocaine base "crack," nearly $40,000 in cash, ledgers, and other items showing a cocaine distribution operation. *Id.* at ¶¶ 13–14.

Before these offenses, Mr. Alexander had twice been convicted of possessing a firearm as a felon, so he knew very well that he was prohibited from possessing firearms. *Id.* at ¶¶ 41, 43. He had also been convicted of felony second degree robbery, two cocaine distribution felonies, involuntary manslaughter, felony riot, various offenses related to obstruction of justice and intimidation of witnesses, and a number of misdemeanors including firearm-related misdemeanors. *Id.* at ¶¶ 35–44. A sentence reduction would not provide adequate deterrence or appropriately weigh the seriousness of Mr. Alexander's crimes, especially given his lengthy criminal record.

Finally, in exchange for his guilty plea, the government agreed to dismissal of several charges. Doc. 26 at ¶ 5(a). These included two counts of possessing firearms in furtherance of a drug distribution crime (Counts 4 and 8) in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* at ¶¶ 1–2. This statute requires a mandatory consecutive prison term upon conviction. 18 U.S.C. § 924(c)(1)(D)(ii). The facts show that Mr. Alexander was guilty of these crimes, and had he been convicted, he would have received a much longer sentence than the one imposed pursuant to the plea agreement. A sentence reduction that allows him to escape the negative consequences he faced while still receiving all the benefits of his plea bargain would not promote respect for the law.

V. Conclusion

Mr. Alexander has not presented extraordinary and compelling circumstances that support a sentence reduction. Moreover, the § 3553(a) sentencing factors further counsel

against a reduction. The motion for compassionate release under § 3582(c)(1)(A) will be denied.

It is **ORDERED** that the defendant's motion for compassionate release, Doc. 76, is **DENIED**.

This the 7th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE

10

Case 1:15-cr-00103-CCE   Document 87   Filed 01/07/25   Page 10 of 10